1
2
3
4
5

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

6   BRIT F. AUGBORNE, III,                          Case No. 3:17-cv-00393-MMD-CLB

7                              Plaintiff,                    ORDER

8            v.

9    FILSON, *et al.*,

10                            Defendants.

11

12           *Pro Se* Plaintiff Brit F. Augborne, III, an inmate in the custody of the Nevada

13   Department of Corrections ("NDOC") , brings this action under 42 U.S.C. § 1983 for events

14   that occurred at Ely State Prison ("ESP"). (ECF No. 20.) Before the Court is the Report

15   and Recommendation ("R&R") of United States Magistrate Judge Carla Baldwin (ECF No.

16   65), recommending that the Court deny in part and grant in part Defendants'[1] motion for

17   summary judgment ("Motion") (ECF No. 57). Plaintiff and Defendants had until June 30,

18   2020, to file objections. To date, no objection to the R&R has been filed. For this reason,

19   and as explained below, the Court adopts the R&R and denies in part and grants in part

20   the Motion.

21           This Court "may accept, reject, or modify, in whole or in part, the findings or

22   recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

23   timely objects to a magistrate judge's report and recommendation, then the Court is

24   required to "make a *de novo* determination of those portions of the [report and

25   recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails

26   to object, however, the Court is not required to conduct "any review at all . . . of any issue

27

28

_____

[1]Defendants are James Dzurenda and Michael Stolk.

1    that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); see also

2    *United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the

3    magistrate judges' findings and recommendations is required if, but only if, one or both

4    parties file objections to the findings and recommendations.") (emphasis in original); Fed.

5    R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy

6    itself that there is no clear error on the face of the record in order to accept the

7    recommendation").

8         Nevertheless, the Court conducts *de novo* review to determine whether to accept

9    the R&R. Upon reviewing the R&R and underlying briefs, this Court finds good cause to

10   adopt Judge Baldwin's recommendation in full.

11        Judge Baldwin recommends denying summary judgment on Plaintiff's excessive

12   force and retaliation claims against Stolk because genuine issues of material fact exist.

13   (ECF No. 172 at 5-13.) Defendants argue that there is no evidence of any altercation

14   between Stolk and Plaintiff, much less that Stolk used any force against Plaintiff. (ECF No.

15   57 at 7-9.) Defendants contend that the sworn statements in Plaintiff's verified complaint

16   do not establish a genuine issue of material fact because they are "uncorroborated and

17   self-serving" and are "blatantly contradicted by the record, so that no reasonable jury could

18   believe them." (ECF No. 57 at 7-9 (internal citations omitted).) Judge Baldwin found,

19   however, that the Court must consider Plaintiff's verified complaint because "the mere self-

20   serving nature of testimony permits a court to discount that testimony where it states only

21   conclusions and not facts that would be admissible evidence." (ECF No. 65 at 8 (citing

22   *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (internal quotation marks omitted).)

23   Because Plaintiff's verified complaint—treated as an affidavit—contains specific facts

24   describing how Stolk retaliated against Plaintiff for requesting a grievance by beating

25   Plaintiff while shackled, Judge Baldwin found that Defendants failed to meet their initial

26   burden of establishing an absence of a genuine issue of material fact as to Plaintiff's

27   excessive force and retaliation claims. (*Id.* at 7-8.) The Court agrees with Judge Baldwin's

28   findings.

1    Judge Baldwin also found Stolk is not protected by qualified immunity because it
2    was clearly established in 2016 an officer violates the Eighth Amendment by beating an
3    inmate simply because the inmate argued with the officer or requested a grievance. (ECF
4    No. 65 at 14-16 (citing *Hudson v. McMillian*, 503 U.S. 1 (1992); *Wilkins v. Gaddy*, 559 U.S.
5    34, 35 (2010).) Judge Baldwin also found that it was well-settled law that an officer violates
6    the First Amendment by retaliating against an inmate for engaging in protected conduct
7    such as requesting a grievance. (ECF No. 65 at 16-18 (citing *Brodheim v. Cry*, 584 F.3d
8    1262, 1270 (9th Cir. 2009); *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995).)
9    The Court again agrees.

10    Judge Baldwin also found no genuine issue of material fact exists as to Plaintiff's
11    supervisory liability claim against Dzurenda because Plaintiff failed to provided evidence
12    that Dzurenda personally participated in or knew or should have known of the alleged
13    constitutional violations, or promulgated or implemented a policy that was the moving force
14    of those violations. (*Id.* at 11-13.) For these reasons, the Court agrees with Judge
15    Baldwin's recommendation to grant summary judgment as to Plaintiff's supervisory liability
16    claim against Dzurenda. (*Id.*)

17    Additionally, Judge Baldwin found that Plaintiff has abandoned his Eighth
18    Amendment and conspiracy claims against John Does one (1) through ten (10) and his
19    Fourteenth Amendment and supervisory liability claims against John Doe Associate
20    Warden of Operations by failing to identify the Doe Defendants. (*Id.* at 2 n.2.) Accordingly,
21    Judge Baldwin recommends that the Court dismiss the claims against Doe Defendants.
22    (*Id.*) The Court again agrees.

23    It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No.
24    65) is adopted in its entirety.

25    It is further ordered that Defendants Michael Stolk and James Dzurenda's motion
26    for summary judgment (ECF No. 57) is denied in part and granted in part. It is denied as
27    to the excessive force and retaliation claims against Defendant Michael Stolk. It is granted
28    as to the supervisory liability claim against Defendant James Dzurenda.

It is further ordered that Defendant James Dzurenda is dismissed from this action.

It is further ordered that the Eighth Amendment and conspiracy claims against Defendants John Doe one (1) through ten (10) are dismissed from this action.

It is further ordered that the Fourteenth Amendment and supervisory liability claims against Defendant John Doe Associate Warden of Operations are dismissed from this action.

DATED THIS 8th day of July 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE